# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

No. 12-31154
Summary Calendar

Lyle W. Cayce
Clerk

FARENCO SHIPPING COMPANY, LIMITED,

Plaintiff - Appellant

v.

FARENCO SHIPPING PTE, LIMITED; OCEAN GREAT INDUSTRIAL, LIMITED; TEAMZONE, LIMITED; LIU SONG,

Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana
2:12-CV-2544

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellant Farenco Shipping Company ("Farenco") appealed the district court's order releasing its attachment on the M/V OCEAN SHANGHAI. Appellee Ocean Great Industrial ("Ocean Great") now moves to dismiss the appeal for lack of subject matter jurisdiction. Ocean Great argues that the appeal has become moot because the claims in the underlying case have been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31154

settled and because the M/V OCEAN SHANGHAI has departed, Farenco having voluntarily released the attachment pursuant to the settlement. Farenco agrees that the case is now moot and requests only that we vacate the order of the district court before dismissing the appeal.

"[M]ootness by reason of settlement does not justify vacatur of a judgment under review." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). However, the determination of whether a judgment should be vacated is equitable, and "exceptional circumstances" may merit vacatur even in cases rendered moot by settlement. *Id.* As an initial matter, there is no district court judgment in this case to vacate. Although the district court's order releasing the attachment was appealable, it was clearly interlocutory. The parties have provided no authority or discussion concerning whether the case law dealing with vacatur of a district court judgment applies equally to vacatur of a district court order. Assuming without deciding that *Bancorp* sets forth the standard for vacatur of a district court order on appeal after a case has been mooted by settlement, we find no "exceptional circumstances" in this case that would warrant vacatur.

Farenco recognizes that "[t]he principal factor . . . in determining whether exceptional circumstances exist is whether the mootness was caused by the voluntary action of the party seeking vacatur." Farenco Opposition at 2. However, Farenco argues that its settlement in this case should not be considered voluntary because it faced a "Hobson's choice" after the district court released the attachment on the M/V OCEAN SHANGHAI. Although Farenco describes the "extreme circumstances" under which it agreed to settle the case, we find these to be irrelevant. Settlements are frequently made under difficult circumstances, and often represent the least bad of several bad options; this does not make such settlements involuntary.

No. 12-31154

Farenco also argues that exceptional circumstances exist because other parties may attempt to invoke collateral estoppel against Farenco based on issues decided in the district court's order.  Farenco further argues that the district court's order "constitutes dangerous and incorrect precedent that implicates significant constitutional questions." Farenco Opposition at 3.  First, it is far from clear that the district court's order would give rise to any collateral estoppel effect.  As Farenco recognizes, "[i]t does not follow that simply because an attachment vacatur order is appealable even though it is not a final judgment that collateral estoppel necessarily attaches."  Farenco Opposition at 12 n.4. Second, it is "inappropriate . . . to vacate mooted cases, in which we have no constitutional power to decide the merits, on the basis of assumptions about the merits." *Bancorp*, 513 U.S. at 27.  Moreover, we perceive nothing "extraordinary" in Farenco's situation; it is not unusual that an appellant would disagree with the order of the district court and wish to avoid any preclusive effect arising from it.

Great Ocean's motion is granted, and Farenco's appeal is DISMISSED for lack of subject matter jurisdiction.  Because Farenco voluntarily mooted its appeal by settlement and because extraordinary circumstances do not exist, we decline to vacate the district court's order.